IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV609-1-MU
3:02CR94-MU

| | |
|---|---|
| ELEAZAR TEODORO-BASILIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Relief from Judgment, filed October 24, 2006.

On March 5, 2002, Petitioner was indicted for violating 21 U.S.C. § 841 and 846, 21 U.S.C. § 952, and 18 U.S.C. § 1956. A superceding indictment was filed on April 2, 2002. On May 28, 2002, Petitioner and the Government filed a plea agreement with the Court. On June 10, 2002, Petitioner entered a guilty plea at his Rule 11 Hearing. On February 19, 2003, this Court sentenced Petitioner to 262 months imprisonment on Count One and 240 months imprisonment on Count Two to be served concurrently. Petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. Petitioner's appeal was dismissed on January 15, 2004. On December 9, 2004, Petitioner filed a Motion to Vacate alleging that he had received ineffective assistance of counsel. On March 2, 2005, this Court dismissed Petitioner's Motion to Vacate.

Petitioner has now, over 19 months later, filed a motion asserting that this Court's March

2, 2005 Order violated his due process rights. More specifically, Petitioner asserts that this Court failed to address his claim that his counsel was ineffective for failing to assert that a 262 month sentence imposed based upon a judicial finding of drug type violated his due process rights.

Contrary to Petitioner's assertions, this Court does not believe that Petitioner raised an ineffective assistance of counsel claim based upon a failure to raise a Rhynes challenge.[1] Moreover, even if his Motion to Vacate can be construed to raise such a claim it is patently frivolous. A review of the record reveals that he pled guilty to specific amounts of cocaine and marijuana. Petitioner's case did not go to trial and no general verdict form was used. Petitioner's counsel had absolutely no basis for raising an objection based upon United States v. Rhynes, 206 F.3d 349 (4th Cir. 1999).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment is **DENIED**.

Signed: December 20, 2006

Graham C. Mullen
United States District Judge

---

[1] A court's failure to address a claim, especially a claim that is not clearly set forth, does not render a judgment void.